### MULLARKEY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. June 13, 1904.)

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

In an action against a street railroad for injuries alleged to have resulted from the negligent starting of a car as plaintiff was attempting to board it, evidence examined, and *held* insufficient to support a verdict for plaintiff.

Appeal from City Court of New York, Trial Term.

Action by James Mullarkey against the Interurban Street Railway Company. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Bayard H. Ames and F. Angelo Gaynor, for appellant.
Otto Horwitz and Frederick Weiner, for respondent.

FREEDMAN, P. J. Plaintiff's testimony as to the manner in which the accident occurred was that while he was attempting to board defendant's car with one foot on the running board, the other upon the ground, and one hand attempting to grasp the stanchion to aid and assist him in reaching the body of the car, but before he could actually grasp the stanchion, the conductor, standing in plain sight of him, suddenly rang the bell, the car started, the handrail at the end of a seat struck him, and he was thrown down and injured. This version is improbable, if not impossible. Moreover, the plaintiff several times contradicted himself as to where he attempted to get on. Opposed to this version is the testimony of the conductor to the effect that some time after the plaintiff had got on he walked along the running board for the purpose of changing his seat while the car was in motion, and that while so engaged he fell off. Plaintiff's testimony remained wholly uncorroborated, while that of the conductor was corroborated by the testimony of two wholly disinterested witnesses; one of them being a stenographer and draftsman in the War Department of the United States, and the other the proprietor of a market store. Upon a careful examination of the whole case the conclusion is unavoidable that the verdict in favor of the plaintiff is against the weight of evidence, and that in the interest of justice there should be a new trial.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide the event. All concur.